UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CUMMINS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AMANDA LOLLAR aka BAT WORLD SANCTUARY an individual person, BAT WORLD SANCTUARY an unknown business entity, JOHN DOES 1-10,<br><br>　　　　　Defendants. | Case No.: CV11 08081 DMG (MANx)<br><br>**PROTECTIVE ORDER GOVERNING PRODUCTION AND USE OF PLAINTIFF'S MEDICAL RECORDS** |

　　　　On September 5, 2012, the Court heard plaintiff Mary Cummins' Motion To Quash Defendants Amanda Lollar and Batworld Sanctuary's Subpoena for Plaintiff's Medical Records ("Plaintiff's Motion"). The Court granted, in part, and denied, in part, Plaintiff's Motion and directed defense counsel to prepare a proposed Protective Order and submit it to plaintiff for review. The proposed Protective Order was to be lodged with the Court and a courtesy copy of the proposed Protective Order was to be submitted to chambers by no later than 3:00 p.m. on Friday, September 7, 2012.

　　　　The Court has been notified that the parties have not been able to agree upon the language of the proposed Protective Order. Therefore, the Court enters the following

Protective Order, which reflects the protections it directed were to govern the disclosure and use of plaintiff's medical records in this action.

1. Within five business days of receipt of this Order, all plaintiff's medical records responsive to the subpoenas previously served upon Samuel A. Berkman, M.D., Resa Lee Oshior, M.D. and The Pain Relief Center (collectively, the "Subpoenaed Locations"), shall be produced to defendants' counsel Dean A. Rocco and/or Sandra J. McMullan, of Jackson Lewis LLP ("Defendants' Counsel"), subject to the limitation that the scope of the subpoenas shall be from August 1, 2007, to the present ("Subject Medical Records").

2. Upon receipt of the Subject Medical Records, Defendants' Counsel shall mark them "Confidential – Attorney's Eyes Only."

3. The Subject Medical Records shall only be used by Defendants' Counsel during the course of the action and solely for purposes of defending the action.

4. The Subject Medical Records shall be disclosed only to: (1) the Court; (2) plaintiff and Defendants' Counsel (including the paralegal, clerical, and secretarial staff); (3) experts or consultants retained by the parties in this Action; (4) any other person to whom the parties agree in writing; and (5) court reporters and witnesses during any proceeding in the case in connection with which the Court has ordered or the parties have agreed the documents may be disclosed.

5. Prior to introducing the Subject Medical Records at or in connection with any Court proceeding, Defendants' Counsel shall notify plaintiff of its intentions to do so. If plaintiff objects to the introduction of the Subject Medical Records at the proceeding, Defendants' Counsel must obtain an order of the Court before introducing the Subject Medical Records at the proceeding.

6. Either party wishing to file the Subject Medical Records under seal shall comply with applicable law, including Local Rule 79-5.

7. Defendants' Counsel shall return the Subject Medical Records to plaintiff within fifteen (15) days of the final District Court or Court of Appeals dispositive order.

8. Nothing in this Order shall be construed to impact the (in)admissibility of the Subject Medical Records produced during trial.

**IT IS SO ORDERED.**

DATED:   November 6, 2012

By: ___*Margaret A. Nagle*___
MARGARET A. NAGLE
UNITED STATES MAGISTRATE COURT