LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 11 - 08081 BRO (MANx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Mary Cummins v. Eric Shupps, et al. | | |

Present: The Honorable **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Preset |

**Proceedings:**    (IN CHAMBERS)

**ORDER RE DEFENDANTS MOTION TO DISMISS [161]**

Presently before this Court is Defendant Eric Shupps' Motion to Dismiss Plaintiff's Fourth Amended Complaint ("FourthAC"). For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

## I.    BACKGROUND

Mary Cummins ("Plaintiff") founded "Animal Advocates" in California which rescues and rehabilitates animals. (FourthAC. ¶ 7.) Plaintiff "instructs…accredited classes" to animal rehabilitators, veterinarians, and other animal care. (*Id.* ¶ 7.) In addition, she is a licensed real estate appraiser in Los Angeles. (*Id.* at ¶ 4, 8.) Eric Shupps ("Defendant") resides in Texas. (*Id.* at ¶ 6.) Defendant testified as an expert witness against Plaintiff in a separate lawsuit in Texas. (*Id.* at ¶ 12.) Defendant testified on behalf of Amanda Lollar and Bat World Sanctuary. (*Id.*)

From July 6, 2012, through August 23, 2012, Plaintiff avers that Defendant posted four comments on Twitter and wordpress.com that Defendant knew to be false, with "malicious intent," which ultimately defamed her. (*Id.* at ¶ 15.) The four comments on Twitter state that Plaintiff: (1) "knows how to commit defamation without getting caught"; (2) "was charged with contempt of court"; (3) "uses googlebombs to spread defamation"; and, (4) "has been sued for defamation four times". (*Id.* at ¶ 13.) A subpoena revealed that the Twitter account belonged to Defendant. (*Id.* at ¶ 21.) The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11 - 08081 BRO (MANx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Mary Cummins v. Eric Shupps, et al. | | |

comment on wordpress.com stated that Plaintiff is not "all that good with the truth" because she inaccurately reported a ruling in a separate lawsuit. (*Id. at* ¶ 15.) The website provided links to other websites that contained vulgar comments about Plaintiff. (*See id.* at ¶ 23.) Amanda Lollar and Bat World Sanctuary own the website. (*Id.* at ¶ 21.) Defendant ignored Plaintiff's request that he stop posting the comments. (*Id.* at ¶ 20.)

Plaintiff contends the comments are not privileged because they were not made in court and are "are harming Plaintiff's business relations" and harming "existing and future economic relations." (*Id.* at ¶¶ 18-19.) Plaintiff avers that Defendant used her title as founder of "Animal Advocates" and a "real estate appraiser," in order to direct users to the negative blog posts rather than her own website. (*Id.* at ¶ 22.) Plaintiff claims she receives 99% of her real estate work online. (*Id.*) She also contends that her employer, Defense of Animals, fired her after reading the statements. (*Id.*) As a result, Plaintiff maintains that she was required to use a false name to seek employment due to the harm these blog posts has done to her reputation. (*Id.*)

On August 23, 2012, Plaintiff received an anonymous email stating that the blogging has ruined her life financially, but if she agrees to "get rid" of the negative information she has posted online, the person responsible for the blogging will "dismantle all the negative stuff on-line" about her. (*Id.* at 24.) Plaintiff "thinks" that Defendant sent the email because, in July of 2012, she posted her motion to strike Defendant as an expert witness online, stating that he did not meet the Texas Rules of Evidence, that he lacked education, and that his software is flawed. (*Id.* at ¶ 25.)

Plaintiff's Fourth Amended Complaint alleges two causes of action. Under both California Business and Professions Code Section 17200 and California common law Plaintiff pleads intentional interference with business relations and intentional interference with prospective economic advantage. (*See generally* FourthAC.) Plaintiff seeks general and special damages, "economic loss" damages in the amount of $250,000, damages for pain and suffering, exemplary and punitive damages, and attorneys' fees and costs. (*Id.* at 10.) Defendants move to dismiss the complaint for insufficient service of process and for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 11 - 08081 BRO (MANx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Mary Cummins v. Eric Shupps, et al. | | |

## II.   PROCEDURAL HISTORY

On September 29, 2011, Plaintiff filed the original complaint in this action against defendants Amanda Lollar and Batworld Sanctuary. (Dkt. No. 1.) On December 14, 2011, the court granted Defendants Lollar and Batworld motion to dismiss Plaintiff's complaint. (Dkt. No. 18.) On December 22, 2011, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. No. 21.) Defendants Lollar and Batworld thereafter answered the FAC. (Dkt. Nos. 22, 23.) On June 26, 2012, Plaintiff filed a motion to extend time within which to complete discovery and add defendants. (Dkt. No. 37.)

On July 10, 2012, the Court granted Plaintiff's motion. (Dkt. No. 48.) On August 31, 2012, Plaintiff requested leave to file a Second Amended Complaint ("SAC"). (Dkt. No. 82.) On September 27, 2012, Plaintiff filed her SAC, adding Defendant Shupps, among other defendants. (Dkt. No. 97.) On November 21, 2012, Shupps filed a motion to strike Plaintiff's SAC based upon insufficient service of process and lack of personal jurisdiction. (Dkt. No. 108.) On February 11, 2013, the Court granted Shupps' motion to dismiss, but permitted Plaintiff to amend her complaint. (Dkt. No. 137.)

On February 22, 2012, Plaintiff filed her Third Amended Complaint ("TAC"). (Dkt. No. 140.) On March 8, 2013, Shupps filed a motion to dismiss the TAC. (Dkt. No. 142.) Shupps argued dismissal was appropriate because Plaintiff insufficiently served him, failed to state a claim, and failed to demonstrate personal jurisdiction over him. (*Id.*) After briefing by both sides, on April 30, 2013, the Court granted Shupps' motion to dismiss, but permitted Plaintiff to amend her complaint. (*Id.*) Again, Shupps argued that Plaintiff failed to properly serve him because she served his counsel. (*Id.*) Plaintiff stated that she served Shupps through his counsel because he twice refused service by mail. (*Id.*) The Court noted, however, that Plaintiff failed to establish those facts within the record. (*Id.*) After detailing the permissible ways to effect service of process, the Court warned Plaintiff, "[f]ailure to properly serve Shupps by [June 7, 2013] will result in dismissal of the action." (*Id.*) In the last page of the Court's order and in bold print, the Court once again cautioned Plaintiff, "[f]ailure to properly serve Defendant Shupps by this date will result in dismissal of the action pursuant to Rule 4(m) without prejudice." (*Id.*)

On May 20, 2013, Plaintiff filed her FourthAC. (Dkt. No. 157.) On June 10,

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 11 - 08081 BRO (MANx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Mary Cummins v. Eric Shupps, et al. | | |

2013, Shupps filed another motion to dismiss the FourthAC, arguing among other things, insufficient service of process under Federal Rule of Civil Procedure Rule 4. (Dkt. No. 161.) After full briefing and a hearing on this matter, and for the reasons set forth below, the Court hereby GRANTS Shupps' Motion to Dismiss.

### III. LEGAL STANDARD

Defendant moves to dismiss Plaintiff's entire Fourth Amended Complaint on two grounds. (Mot. at 1.) Defendant first claims insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (Mot. at 6.) Specifically, Defendant argues that Plaintiff's attempt to serve the FAC on Defendant by leaving the summons at his attorney's reception desk does not comply with Rule 12(b)(5). (Mot. at 7.) Secondly, Defendant argues that Plaintiff's two remaining causes of action fail to state claims upon which relief can be granted, and thus must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. at 7.) The Court considers Defendant's arguments in turn.

#### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) for Insufficient Service of Process

Defendant contends that because Plaintiff did not properly serve him by June 7, 2013, pursuant to the Court's last Order, Plaintiff's FourthAC must be dismissed. (Mot. at 7.) A claim may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Rule 4 of the Federal Rules of Civil Procedure governs service of process. As detailed in the Court's April 30, 2013 order, a plaintiff is required to serve the summons and complaint upon each defendant within 120 days. Fed. R. Civ. P. 4(m). The rules permit service by mail on an out-of-state defendant in two ways. First, California law permits service by mailing a copy of the summons and complaint to the defendant by "first class mail, postage prepaid, requiring a return receipt." Cal. Civ. Proc. Code § 415.40. Second, a plaintiff may serve an out-of-state defendant by first class mail with materials by which a defendant may acknowledge receipt. Cal. Civ. Proc. Code § 415.30. Substitute service is permitted, but only under certain circumstances. *See* Fed. R. Civ. P. 4(e)(2). For example, a plaintiff may serve an out-of-state defendant by leaving a copy at the home of the defendant with "someone of suitable age and discretion who resides

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 11 - 08081 BRO (MANx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Mary Cummins v. Eric Shupps, et al. | | |

there" or to an agent "authorized by appointment or law to accept service of process." *Id.* California law does not differ significantly. *See* Cal. Civ. Proc. Code § 416.90.

Further, "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the Court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1192). Failing to properly serve a defendant with a complaint pursuant to the specifications of the previous court order empowers the district court to dismiss the case. *See id.* The Court considers five factors when considering whether dismissal based on failing to comply with a court order is appropriate: (1) the public's interest in expeditious litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Id.* at 1261.[1] A finding of all the factors is not required to uphold dismissal. *Id.*

Even assuming deficient service of process, a court "has broad discretion to dismiss the action or to retain the case but quash the service that has been made on Defendant." *Crawford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. Jan. 14, 2005). Dismissal is a "harsh penalty" and should only be granted in extreme circumstances. *Ferdick*, 963 F.2d at 1261.

## IV.  DISCUSSION

The Court's April 30, 2013 Order concludes that the cause of action will be dismissed without prejudice if Plaintiff fails to attach sufficient proof of service. Because Plaintiff has not attached sufficient proof of service, the Court here will examine *Ferdick's* five factors to determine whether dismissal of the case without prejudice is proper.

### 1. The Public's Interest in Expeditious Litigation

The first factor a Court considers when determining whether or not to dismiss a case for failure to comply with a court order is the public's interest in expeditious

---

[1] Neither Plaintiffs nor Defendants cite these factors in their pleadings.

Case 2:11-cv-08081-BRO-MAN Document 171 Filed 08/09/13 Page 6 of 9 Page ID #:2210

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 11 - 08081 BRO (MANx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Mary Cummins v. Eric Shupps, et al. | | |

litigation. *Ferdik*, 963 F.2d at 1261. When a Plaintiff's noncompliance with a court order causes the litigation to come to a complete halt, this allows the Plaintiff "to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In such cases, dismissal is strongly favored. *Id.*

Here, Plaintiff has failed to properly serve Defendant Shupps despite explicit instructions and admonitions. As a result, this litigation's long history comes to another halt. Over two years have passed and the parties continue to litigate the appropriateness of the complaint. Plaintiff thrice has failed to effectuate proper service on Defendant. (Dkt. No. 151.) Again, she has failed to provide sufficient information reflecting *appropriate and legal* attempts to serve Shupps. Other defendants have answered and are proceeding with the litigation. Thus, the Court finds that this factor weighs in favor of dismissal.

### 2. The Court's Need to Manage Its Docket

The Court also considers its need to manage its docket. *Ferdik*, 963 F.2d at 1261. Noncompliance with a deadline to properly serve a defendant as explained in detail in a prior Order interferes with a court's ability to manage its docket. *Yourish*, 191 F.3d at 991. A failure to obey a court's instruction is an indication that a party does not intend to litigate a case diligently and thus warrants dismissal. *Rollins v. Superior Court of Los Angeles*, 706 F. Supp. 2d 1008, 1013 (C.D. Cal. Mar. 23, 2010).

This case has been heavily litigated during the past two years and the case is no closer to consideration of the merits. Similar to the plaintiffs in *Yourish* who failed to comply with the court's order, Plaintiff also fails here. (*See generally* FourthAC.) Although Plaintiff attached proof of service pursuant to an instruction to do so by the Court, the proof provided was defective. Despite repeated admonishments, once again Plaintiff chose to serve Shupps in violation of Rule 4. (Dkt. No. 160.) The Court twice explicitly and unambiguously stated that Plaintiff must "properly serve Defendant Eric Shupps with an amended summons and pleading" and that "**Failure to properly serve Defendant Eric Shupps by this date will result in dismissal of the action**." (Dkt. No. 151.)[2] Thus, the Court finds that this factor weighs in favor of dismissal.

---

[2] The Court's April 30, 2013 Order specifically refers to "Defendant Eric Shupps" not Defendant's counsel.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 11 - 08081 BRO (MANx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Mary Cummins v. Eric Shupps, et al. | | |

3. <u>Risk of Prejudice to the Defendant</u>

The third factor to consider is the risk of prejudice dismissal would impose on the Defendant. *Ferdik*, 963 F.2d at 1261. The court judges the strength of a plaintiff's excuse for her conduct when assess whether prejudice warrants dismissal of an action. *Yourish*, 191 F.3d at 991.

Here, Defendant was on notice of the lawsuit and had ample time to begin preparing for his defense because he filed three motions to dismiss pursuant to insufficient service of process. Indeed, the filing of these motions suggests that, even though Defendant avers he was not properly served according to the requirements set forth in Federal Rule of Civil Procedure 4(m), it "sufficed to put the Defendant on notice as to the nature of the claim against him and the relief sought." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 574 (2007).

However, the mere fact that a defendant is on actual notice of a lawsuit is not dispositive to the question of whether the defect in service has been cured. *Thongnoppakun v. American Exp. Bank*, 2012 WL 1044076, *2 (C.D. Cal. Mar. 26, 2012). Plaintiff fails to provide the Court with a sufficient excuse for improperly serving Defendant. Plaintiff mentions several times in her FourthAC, Reply, and during proceedings that Defendant has been evading service. Yet she provides nothing to support this allegation. She fails to attach a declaration from a process server who attempted to serve Shupps, she does not provide a copy of the correct address for Shupps or the properly addressed envelope, or any other evidence in support of her argument shat Shupps avoided service of process. Plaintiff attaches proof of service on Defendant's counsel but not proof of attempted service on Defendant himself. (*See* Dkt. No. 160.) Thus, the Court finds that this factor weighs in favor of dismissal.

4. <u>Public Policy Favoring the Disposition of Cases on their Merits</u>

The fourth factor considered is the public policy which favors the disposition of cases on their merits. *Ferdik*, 963 F.2d at 1261. Whenever reasonably possible, a case should be decided on its merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 11 - 08081 BRO (MANx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Mary Cummins v. Eric Shupps, et al. | | |

(citation omitted). However, *pro se* litigants should be treated with much leniency when evaluating their compliance with the technical rules of civil procedure. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

During proceedings, Defendant stated that Plaintiff is a "sophisticated" *pro se* litigant who has been in this action long enough to be familiar with the federal rules governing service of process. The long and tortured history of this case supports Defendant Shupps' arguments. For example, Plaintiff has actively participated in the litigation, filing or responding to the following: (1) motion for preliminary injunction (Dkt. No. 30); (2) responding to a motion for summary judgment (Dkt. No. 59); (3) motion to complete compliance with subpoenas; (Dkt. Nos. 74, 75); (4) motion to quash a subpoena seeking medical records; (Dkt. No. 70); and, (5) Request for entry of default (Dkt. No. 112.) Indeed, Plaintiff has appealed certain issues to the Ninth Circuit Court of Appeals. (Dkt. No. 147.) Despite her capabilities to follow rules and file motions, Plaintiff has repeatedly failed to properly serve Defendant Shupps despite the clear direction provided by the Court. (Dkt. No. 151.) In fact, during the court's oral argument proceedings, Plaintiff conceded that she knew that she improperly served Defendant. The Court has afforded Plaintiff multiple opportunities to properly serve Defendant Shupps. She has not. As such, the Court finds that this factor weighs in favor of dismissal.

### 5.  Availability of Less Drastic Measures

The final factor a court considers when determining whether to dismiss a case for failure to follow a court order is the availability of less drastic measures. *Ferdik*, 963 F.2d at 1261. Providing Plaintiff additional time to amend deficiencies in a complaint as an alternative to dismissal of an action constitutes pursuit of a less drastic alternative. *Yourish*, 191 F.3d at 992. When a Plaintiff fails to follow a court order by unsuccessfully amending the deficiencies, dismissal with leave to amend is warranted. *See id.*

Rather than dismissing the action on April 30, 2013, the Court gave Plaintiff until June 07, 2013, to correct the deficiencies relating to service of process. (Dkt. No. 151.) The Court also instructed Plaintiff as to proper methods for serving Defendant Shupps. Finally, the Court warned Plaintiff that she risked dismissal for failure to comply with the

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 11 - 08081 BRO (MANx) | Date | August 8, 2013 |
|---|---|---|---|
| Title | Mary Cummins v. Eric Shupps, et al. | | |

Court's order. (*Id.*) Plaintiff failed to correct the deficiency and simply re-served Defendant Shupps' attorney, a person she knew was improper. Thus, the Court finds that this factor weighs in favor of dismissal.

The Court finds that all of the factors weigh in favor of dismissal. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) without prejudice.

### B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Because the Court grants Defendant's Motion to Dismiss, it will not consider Defendant's other arguments.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).

**IT IS SO ORDERED.**

:

Initials of Preparer    rf